# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FEDERAL HOME LOAN MORTGAGE CORPORATION and BANK OF AMERICA, N.A.,

     Plaintiffs

v.

RANCHO LAKE CONDOMINIUM UNIT-OWNERS' ASSOCIATION, INC., et al.,

     Defendants

Case No.: 2:17-cv-00023-APG-EJY

**Order (1) Granting Plaintiffs' Motion for Summary Judgment and (2) Dismissing as Moot Alternative Damages Claims**

[ECF No. 41]

Plaintiffs Federal Home Loan Mortgage Corporation (Freddie Mac) and Bank of America, N.A. sue to determine whether a deed of trust still encumbers property located at 2071 Hussium Hills Street #201 in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Rancho Lake Condominium Unit-Owners' Association, Inc. (Rancho Lake). Freddie Mac and Bank of America seek a declaration that the deed of trust was not extinguished by the HOA foreclosure sale. They also assert alternative damages claims against Rancho Lake[1] and its foreclosure agent, defendant Nevada Association Services, Inc. (NAS). Defendant Mark Burley purchased the property at the foreclosure sale and quitclaimed it to defendant Platinum Realty & Holdings LLC (Platinum). Platinum later quitclaimed the property to non-party Blubelle LLC.

The plaintiffs move for summary judgment, arguing that the HOA foreclosure sale did not extinguish the deed of trust because the federal foreclosure bar in 12 U.S.C. § 4617(j)(3)

---

[1] The plaintiffs and Rancho Lake settled their dispute. ECF No. 44.

1  preserved Freddie Mac's property interest as a matter of law.  Platinum responds that the

2  plaintiffs' declaratory relief claims are untimely.

3      The parties are familiar with the facts, so I do not repeat them here except where

4  necessary.  I grant the plaintiffs' motion because their declaratory relief claim is timely and the

5  federal foreclosure bar precluded the HOA foreclosure sale from extinguishing the deed of trust.

6  Consequently, I dismiss as moot the plaintiffs' alternative damages claims against NAS.

7  **I.  ANALYSIS**

8      Summary judgment is appropriate if the movant shows "there is no genuine dispute as to

9  any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

10  56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law."

11  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence

12  is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

13      The party seeking summary judgment bears the initial burden of informing the court of

14  the basis for its motion and identifying those portions of the record that demonstrate the absence

15  of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The

16  burden then shifts to the non-moving party to set forth specific facts demonstrating there is a

17  genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531

18  (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat

19  summary judgment, the nonmoving party must produce evidence of a genuine dispute of material

20  fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the

21  light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523

22  F.3d 915, 920 (9th Cir. 2008).

23

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [FHFA] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[] or sale without the consent of [FHFA]."  The plaintiffs argue that the HOA sale could not extinguish Freddie Mac's interest in the property because at the time of the sale, FHFA was acting as Freddie Mac's conservator and Freddie Mac owned the note and deed of trust.  Platinum concedes that if Freddie Mac owned the note and deed of trust at the time of the sale, the federal foreclosure bar applies.  However, it contends that the plaintiffs' claims are time-barred because a three-year limitation period applies under the Housing and Economic Recovery Act of 2008 (HERA).  The plaintiffs reply that at least a four-year limitation period applies under Nevada law and a six-year limitation period applies under HERA.

I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under Nevada Revised Statutes § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018).  The HOA foreclosure sale was conducted on April 5, 2013, and the trustee's deed upon sale was recorded on April 30, 2013. ECF No. 41-8.  The plaintiffs filed suit less than four years later, on January 4, 2017. ECF No. 1.  The plaintiffs' declaratory relief claim thus is timely under Nevada law.

Moreover, HERA's extender provision in 12 U.S.C. § 4617(b)(12) applies here.  That statute extends the limitation period for claims brought by the FHFA as conservator for Freddie Mac.  Contract claims must be brought within the longer of six years or the applicable state law period, and tort claims must be brought within the longer of three years or the applicable state law period. 12 U.S.C. § 4617(b)(12)(A).  Courts have interpreted § 4617(b)(12) to govern any

3

action brought by FHFA as conservator, and thus one of these two limitation periods must apply even to a claim like the plaintiffs' declaratory relief claim that is neither a contract nor a tort claim. *See FHFA v. UBS Americas Inc.*, 712 F.3d 136, 144 (2d Cir. 2013); *Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d 1101, 1108-09 (D. Nev. 2019), *reconsideration granted, order vacated in part*, No. 2:17-cv-03006-JAD-EJY, 2019 WL 6828293 (D. Nev. Dec. 13, 2019); *FHFA v. Royal Bank of Scotland Grp. PLC*, 124 F. Supp. 3d 92, 95-99 (D. Conn. 2015); *FHFA v. HSBC No. Amer. Holdings, Inc.*, Nos. 11cv6189 (DLC), 11cv6201 (DLC), 2014 WL 4276420, at *5 (S. D N.Y. Aug. 28, 2014); *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 900 F. Supp. 2d 1055, 1067 (C.D. Cal. 2012).

I determined in a prior case that a declaratory relief claim like the one the plaintiffs assert in this case is more akin to a contract claim than a tort claim, so the six-year limitation period is the correct one. *See Nationstar Mortg. LLC v. 312 Pocono Ranch Tr.*, No. 2:17-cv-01783-APG-DJA, 2019 WL 5963963, at *1-2 (D. Nev. Nov. 13, 2019). Other judges in this district agree. *See, e.g.*, *Nationstar Mortg. LLC v. Copper Creek Homeowner Ass'n*, No. 2:17-cv-02624-RFB-BNW, 2019 WL 4777311, at *4 (D. Nev. Sept. 29, 2019); *LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d at 1110. And other judges have concluded that the extender statute can be invoked by Freddie Mac or its servicer even though the extender statute states that it applies to claims brought by the FHFA. I agree with the reasoning of these decisions that Freddie Mac and its servicer are FHFA's agents in protecting the conservatorship assets and thus may seek the benefit of HERA's six-year extender statute even if FHFA is not a party to the case. *See Ditech Fin. LLC v. Talasera & Vicanto Homeowners' Ass'n*, No. 2:16-cv-02906-JAD-NJK, 2019 WL 6828287, at *2 (D. Nev. Dec. 13, 2019); *Copper Creek Homeowner Ass'n*, 2019

WL 4777311, at *3-4.  Consequently, the plaintiffs' declaratory relief claim in this case is governed by the six-year limitation in HERA and is timely.

The federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Freddie Mac's interest in property without FHFA's affirmative consent. *Berezovsky v. Moniz*, 869 F.3d 923, 927-31 (9th Cir. 2017).  In *Berezovsky*, the Ninth Circuit accepted as proof of ownership the same type of evidence of ownership as offered in this case. *Id.* at 932-33.  Consequently, the plaintiffs have met their initial burden of showing Freddie Mac owned an interest in the property at the time of the sale.  The burden thus shifts to Platinum to present evidence raising a genuine dispute about Freddie Mac's interest.  It has not done so.

As a result, I grant the plaintiffs' motion for summary judgment on their declaratory relief claim.  I dismiss as moot the plaintiffs' alternative damages claims against NAS.

**II.  CONCLUSION**

I THEREFORE ORDER that the plaintiffs' motion for summary judgment **(ECF No. 41) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of the plaintiffs and against defendants Mark Burley and Platinum Realty & Holdings LLC as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Rancho Lake Condominium Unit-Owners' Association, Inc. on April 5, 2013 did not extinguish the deed of trust and the property located at 2071 Hussium Hills Street #201 in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that the plaintiffs' alternative damages claims against defendant Nevada Association Services, Inc. are dismissed as moot.

I FURTHER ORDER that the clerk of court is instructed to close this case.

DATED this 9th day of June, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE